TALLEY, APPELLANT, *v.* TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS, LOCAL No. 377, ET AL., APPELLEES.

(No. 76-538—Decided December 1, 1976.)

*Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. Paul J. Fleming,* for appellant.

*Messrs. Green, Schiavoni, Murphy & Haines* and *Mr. Eugene Green,* for appellees.

*Per Curiam.* Appellant contends that the Fund is estopped from denying payment on the certificate of coverage as described in the pamphlet. Appellant points out the terms of coverage resulted from the mistake on the part

of the Fund, noting that neither the insured nor his beneficiary contributed in any way to the mistake and that the insured died within the period of coverage.

Appellee argues that appellant is entitled to a $3,000 death benefit, and that the mistake in mailing the wrong pamphlet was at most a harmless error which does not estop the Fund from denying payment under Plan VII coverage.

In the instant cause appellant's life insurance benefit arose from the collective bargaining agreement between Teamsters Local No. 377 and the Extendit Company. Appellee Fund was organized pursuant to Section 302 of the Taft-Hartley Act[1] and is a non-profit organization whose sole purpose is to administer benefits for members of Teamsters Local No. 377.

The life insurance provided by the Fund is the type commonly denominated "group insurance." The master policy is set up in the Fund with certificates of participation being issued to the individual union members. The master or group policy represents the contract made by the union with the employer for the benefit of the employee-union members. It is generally held that the certificate of coverage merely evidences the employee-member's right to participate in the insurance provided under the terms and conditions imposed in the group policy.[2] Consequently, the provisions of the group policy are controlling over the provisions of the certificate, and the rights of the parties in a group insurance enterprise are dependent upon the group contract.

It is not disputed that Extendit Company employees were covered under Plan VI on the date of Talley's death. Appellant's demand for judgment is predicated on her claim that the Fund is estopped from refusing to pay the

---

[1] Sections 301-309, Title 29, U. S. Code, repealed effective January 1, 1975. See Section 1001 et seq., Title 29, U. S. Code.

[2] 30 Ohio Jurisprudence 2d 839, Insurance, Section 915; *Aetna Life Ins. Co.* v. *Muncy* (App. 1933), 15 Ohio Law Abs. 392; *Spuhler* v. *Indus. Rayon Corp.* (C. P. 1939), 10 Ohio Supp. 51.

Plan VII benefit which it had erroneously indicated was the coverage in effect.

In support of this proposition appellant cites *Carucci v. John Hancock Mutl. Life Ins. Co., supra* (15 Ohio App. 2d 1). Appellant's reliance on the propositions of law set forth in *Carucci* is misplaced. In that case, the insurer under an employee group insurance policy provided for payment of a lump sum total disability benefit to a disabled employee in settlement of all his rights under such policy or, alternatively, for a conversion of the insurance in force at the time of termination of employment into an individual ordinary life policy. Through a unilateral mistake, the insurer paid a lump sum total disability benefit to the employee who subsequently applied for and was issued an ordinary life policy in the same amount on a conversion basis. Upon being notified of the insured's death and request for payment under the ordinary policy, the insurer refused payment, claiming that the unilateral mistake of a material fact excused it from liability. In rendering judgment for the beneficiary, the court held that despite payment of the lump sum disability benefit the insurer was estopped from refusing payment under the converted life policy by its unconditional issuance of such policy.

We do not see any conflict between the decision in *Carucci* and that in the case at bar. *Carucci* dealt with a policy of insurance unconditionally issued. Here, the concern is with the legal significance of an erroneously mailed pamphlet describing a life insurance benefit to which Talley was not entitled. At all times Marvin Talley was to be covered by a life insurance benefit in the amount of $3,000. Neither Talley nor his beneficiary bargained for or contracted for a greater benefit. The benefit was procured through a collective bargaining agreement and fully funded by the employer. There was nothing Marvin Talley could have done which would have increased the amount of death benefit provided by the Fund. On the other hand, in *Carucci*, the insured applied to the defendant company for the issuance of the policy and believed he was entitled to

the face value of the policy of insurance issued. The face value was the amount of coverage bargained for and believed to be paid for. Had the insured been made aware during his lifetime of the error on the part of the insurer, he could have corrected that error by paying the additional amount of premium required for such insurance.

Despite the absence of any conflict we now consider appellant's argument based upon that nebulous doctrine "promissory estoppel." The American Law Institute has stated the following rule of law:

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. * * *"[8]

Upon an examination of the record, we are unable to discern any action or forbearance on the part of Marvin Talley or his beneficiary due to the receipt of the pamphlet describing the Plan VII benefit. Appellant suggests that her son "well could have been and inferentially was" inhibited from taking action to purchase additional life insurance because of the promised larger benefit. We are not persuaded that this purported forbearance is of a sufficiently definite and substantial nature so that injustice will result if the "promise" is not enforced.

Therefore the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[8]Restatement of Contracts 2d (1973), Section 90.