JONES, APPELLANT, *v.* EAST CENTER FOR COMMUNITY MENTAL HEALTH, INC., D.B.A. EAST CENTER FOR COMMUNITY MENTAL HEALTH, APPELLEE.

(No. L-83-280—Decided February 9, 1984.)

*David A. Bryan,* for appellant.

*Connelly, Soutar & Jackson, William M. Connelly* and *Steven R. Smith,* for appellee.

CONNORS, P.J. This case comes on appeal from the Court of Common Pleas of Lucas County.

Plaintiff-appellant, Cora Louise Jones, was employed as a clerk-typist with East Center for Community Mental Health, Inc., appellee herein (hereinafter "East Center"), which discharged appellant in 1981. Appellant thereafter filed a complaint against East Center alleging, *inter alia,* wrongful discharge. The trial court ultimately granted summary judgment in favor of East Center on the ground that the employment rela-

tionship was terminable at will by either party.

Appellant now appeals from the trial court's summary judgment, setting forth the following assignments of error:

"1. The trial court erred in granting defendant's motion for summary judgment because the defendant's personnel practices manual created an enforceable employment agreement between plaintiff and defendant that protected plaintiff from being discharged without just cause.

"2. The trial court erred in granting defendant's motion for summary judgment because the written agreement of the parties * * * created an enforceable employment agreement between plaintiff and defendant that protected plaintiff from being discharged without just cause.

"3. The trial court erred in granting defendant's motion for summary judgment because the defendant's actions in promulgating its personnel practices manual and in entering into its agreement with plaintiff Jones * * * created an estoppel which bars the defendant from now asserting the employment-at-will defense.

"4. The trial court erred in granting defendant's motion for summary judgment because the pleadings and plaintiff's affidavit in opposition to the motion for summary judgment demonstrate that defendant's termination of plaintiff's employment may have been the result of a tortious act by the defendant."

I

The employment-at-will doctrine in Ohio, as set forth in *Henkel* v. *Educational Research Council* (1976), 45 Ohio St. 2d 249 [74 O.O.2d 415], is as follows:

"In the absence of facts and circumstances which indicate that the agreement is for a specific term, an employment contract which provides for

an annual rate of compensation, but makes no provision as to the duration of the employment, is not a contract for one year, but is terminable at will by either party."

If the employment relationship is terminable "at will," either party may terminate the relationship for any reason or no reason. See *Peterson* v. *Scott Constr. Co.* (1982), 5 Ohio App. 3d 203. The record in the case at bar indicates that appellant's employment with East Center was not for any specific term and, thus, their employment relationship would appear to be one terminable by either party for any reason. *Henkel* v. *Educational Research Council, supra.* Appellant advances several arguments, essentially contending in all of them that the employment-at-will doctrine does not apply here.

Appellant's first argument is that a personnel manual formulated by East Center, and given to its employees, created an enforceable employment contract. Appellant also contends that a "suspension memo" she was given constitutes a contract. Finally, appellant argues that East Center should be estopped from claiming that her employment was terminable at will.

While the general employment "at-will" rule provides that absent a specific term of employment, the relationship is terminable by either party, the facts and circumstances of a given case may indicate that an enforceable agreement was, nevertheless, entered into by the parties. See *Hedrick* v. *Center for Comprehensive Alcoholism Treatment* (1982), 7 Ohio App. 3d 211. Indeed, the facts of a case may indicate that the elements of a contract are present. If it is clear that the parties intended to enter into a contract, and did so contract, then the absence of an agreement as to the duration of the employment will not necessarily defeat such a contract, but may raise an issue of contract interpretation. See, generally, Calamari & Perillo, The Law of Contracts (1977, 2 Ed.) 43, Section 2-13. In other words, the fact that an employment relationship is terminable "at will" does not prevent the parties from entering into a contract which provides otherwise.

## II

### A

We now examine the facts of the instant case to determine whether an enforceable contract was entered into by appellant and East Center. Here, the personnel manual, which appellant received after she was hired, delineates (1) specific grounds for terminating employment, (2) disciplinary procedures, (3) grievance procedures, and requires (4) written notification to the employee in the event of termination, which notification is to include the specific reasons for the dismissal. The manual also contains a promise that East Center will comply with the procedures set forth in the manual. It should also be noted that the manual does not refer to termination "at will," does not indicate that East Center could change the manual at any time and does not contain any provisions stating that it reserved the right to terminate at-will employees for any or no reason.

The record indicates that the manual was given to appellant after she was hired, and that it was not bargained for in any way. In this regard, we examine whether, under these facts, the necessary element of consideration was present to render enforceable the promises contained in the manual. Elements of consideration necessary to form a binding contract have been defined by one authority as follows:

"(a) The promisee must suffer legal detriment; that is, do or promise to do what he is not legally obligated to do; or refrain from doing or promise to refrain from doing what he is legally privileged to do.

"(b) The detriment must induce the

promise. In other words the promisor must have made the promise because he wishes to exchange it at least in part for the detriment to be suffered by the promisee.

"(c) The promise must induce the detriment. This means in effect, as we have already seen, that the promisee must know of the offer and intend to accept." (Footnotes omitted.) Calamari & Perillo, *supra,* at 134.

The record *sub judice* indicates that appellant did not suffer a legal detriment, in that the promises made by East Center were not made with the expectation of being exchanged for some detriment to appellant. East Center neither requested nor induced any specific detriment to appellant, nor did it request any benefit for itself in exchange for the promises in the manual.

### B

The personnel manual involved in this case can also be analyzed in terms of mutuality of obligation. The parties herein did not bargain over the terms of the employment relationship, but entered into a typical employment-at-will relationship. Implicit therein is the fact that *either party* may terminate the employment *at will.* Hence, the obligations of the parties are said to be "mutual," since the employer may terminate the employee for any reason or no reason and the employee may quit his employment when and if he pleases.

Where an employment contract of *definite* duration exists between the parties, there is also mutuality of obligation, since typically the employer must have "just cause" to terminate the employee and the employee is also bound to honor the terms of the contract.

The parties herein agreed that appellant would be employed as a clerk-typist and would be paid at a certain rate. The manual which was thereafter delivered to appellant can be construed as containing promises (or promissory representations) by East Center that it would comply with the manual's provisions. However, appellant gave nothing in return for those promises, and thus she was not bound by the agreement. Accordingly, there is a lack of consideration (or lack of mutuality), which leads the writer of this opinion to conclude that the manual cannot be considered a binding contract. Cf. Opinion by Douglas, J., concurring in judgment only, *infra.*

The suspension memo, which appellant contends constituted a contract, is not enforceable for the same reasons — lack of consideration and lack of mutuality of obligation.[1] Appellant did not give consideration or suffer any legal detriment in exchange for what she characterizes as East Center's promise to discharge her only for "just cause."[2] In light of the foregoing reasons, appellant's first and second assignments of error are not well-taken.

---

[1] The suspension memo reads as follow:

"It is agreed by Cora Jones and the East Center that occurence [sic] of any of the following will result in immediate termination of employment:

"1. Unauthorized contacts to outside organizations by Cora Jones (this includes phone and/or written)[.]

"2. Negligence [sic] of duty.

"3. Any act of insubordination.

"4. Threatening or intimidating and coercing fellow employees or supervisor."

[2] Other courts have held that an employee manual created a contract. In *Day* v. *Good Samaritan Hospital & Health Center* (Aug. 17, 1983), Montgomery App. No. 8062, unreported, the court found that an employee manual created a contract to terminate for "just cause" only. In *Pine River State Bank* v. *Mettille* (Minn. 1983), 333 N.W. 2d 622, the court found that the employee's continued employment constituted consideration and acceptance of a unilateral contract. In *Toussaint* v. *Blue Cross & Blue Shield of Michigan*

## III

Appellant's third assignment of error asks us to invoke the doctrine of promissory estoppel. See *Talley* v. *Teamsters Local No. 377* (1976), 48 Ohio St. 2d 142, 146 [2 O.O.3d 297]. 1 Restatement of the Law 2d, Contracts (1981) 242, Section 90, provides, in pertinent part:

"§ 90. Promise Reasonably Inducing Action or Forbearance

"(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."

Applying the doctrine of promissory estoppel to this case, I find that reasonable minds could conclude only that East Center's personnel manual, when coupled with the suspension memo which appellant received, constituted a set of promises (or promissory representations) which East Center should have reasonably expected to induce action or forbearance on appellant's part, and which did so induce action or forbearance. See *Blackwell* v. *Internatl. Union, U.A.W.* (1983), 9 Ohio App. 3d 179, 182-183.

As suggested by the courts in *Toussaint* v. *Blue Cross & Blue Shield of Michigan* (1980), 408 Mich. 579, 292 N.W. 2d 880, and *Day* v. *Good Samaritan Hospital & Health Center* (Aug. 17, 1983), Montgomery App. No. 8062, unreported, an employment manual which promises fair treatment and which purports to limit the employer's right to terminate at will, may have the effect of leading employees to believe that they have some measure of job security, which, in turn, can lead to happier and more loyal employees. Where, as in the instant case, the employment manual does not mention that the employer retains the right to terminate "at will" or where it fails to inform the employees that the manual is of no legal significance, the promises contained therein are quite likely to create expectations of benefit and lead the employees to some form of action or forbearance in reliance on those promises. Indeed, why would an employer adopt the policies contained in an employment manual if it did not expect to benefit from them? If an employer is allowed to make unqualified and high-sounding promises of fair treatment and job security in order to obtain loyal and long-standing employees, and then disaffirm such promises and rely on the "at-will" doctrine (conspicuous by its absence in the employee's manual), injustice will frequently result.

While the courts in the *Day* and *Toussaint* cases, *supra,* held that an enforceable contract was created by a manual, I conclude, on the present facts, that the necessary elements for an enforceable contract are lacking. However, the elements of promissory estoppel, see 1 Restatement of the Law 2d, Contracts (1981) 242, Section 90, reasonably appear to be supported by the facts of this case.[3] In so applying the

---

(1980), 408 Mich. 579, 292 N.W. 2d 880, the court held that a contract was created by an employee manual, with consideration for the contract being the benefit which flowed to the employer from a cooperative and loyal work force. The personnel manual involved in this case is best analyzed under the principles of promissory estoppel. In any event, each case of this nature must necessarily be examined on its own facts and treated on a case-by-case basis.

[3] While appellant suggests that East Center should be estopped from terminating her without "just cause," I would note that the term "just cause" is not used in the

doctrine of promissory estoppel, I find that the trial court erred in granting summary judgment in favor of East Center.

Promissory estoppel does not necessarily operate as a substitute for consideration, nor does its application create a binding contract where none existed before. Rather, the doctrine is used to avoid injustice, and the remedy granted for breach may be limited as justice requires. Thus, the trial court need only enforce the manual's promises as justice requires. See 1 Restatement of the Law 2d, Contracts (1981) 242, Section 90. See, also, Calamari & Perillo, *supra*, at Sections 6-10 to 6-13. On the specific facts before this court, injustice can be avoided here only by enforcing the promissory representations contained in East Center's manual, to the extent that such promises reasonably intimated that appellant would be terminated only for the reasons stated in the manual. Cf. *Blackwell* v. *Internatl. Union, U.A.W., supra.* Accordingly, appellant's third assignment of error is well-taken.

As to appellant's fourth assignment of error, she has failed to cite any evidence or authority in support of this assignment. See App. R. 12(A). Consequently, the fourth assignment of error is not well-taken.

On consideration whereof, the judgment of the Court of Common Pleas of Lucas County is hereby reversed. This case is remanded for further proceedings consistent with this opinion and, specifically, for application of the doctrine of promissory estoppel as herein specified. Costs to abide final determination.

*Judgment reversed.*

DOUGLAS, J, concurs in judgment only.

HANDWORK, J., dissents.

DOUGLAS, J., concurring in judgment only. I concur in judgment only so that a majority decision in favor of the appellant can be reached in this case.

Considering the employment-at-will doctrine, I am constrained to view the same as an anachronism in today's peripatetic society. Prospective employees often travel great distances and make substantial sacrifices in response to employers' offers of employment opportunities. In most instances, the employer endeavors to make itself attractive to the prospective employee and, understandably, the employment-at-will doctrine remains unmentioned and is often unknown to both parties. In order to maintain an efficient and loyal work force, the employer usually finds it necessary to establish personnel policies and to consistently and fairly administer the same. Personnel policies and employment manuals typically become an inextricable part of the employment relationship and are relied upon both by the employer and the employee to their mutual benefit. Consideration flows in both directions in such a situation as the policies bring order and predictability to the workplace and greatly benefit both parties.

Turning to the facts of the case at bar, I find that the personnel manual and the suspension memo, coupled with appellant's reliance and continued employment, created an enforceable contract. I would adopt the reasoning of the *Day* decision, *supra,* and the *Toussaint* decision, *supra,* as I find those cases to be well-reasoned and logical

---

manual. In applying the promissory estoppel doctrine, East Center should be estopped from disaffirming only those promises in the manual which fit within the definition of the

doctrine. See 1 Restatement of the Law 2d, Contracts (1981) 242, Section 90, and Comment thereto.

decisions under the facts presented. In light of the decision in *Day, supra,* and the decision herein which reaches a different result (the *Day* court held that the manual created an enforceable contract), I would certify the instant case to the Supreme Court for review and final judgment. The importance of the issues involved and the uncertain nature of the current law in this area cry out for a guiding light from our Supreme Court. Accordingly, I concur so that this court may reach a majority decision, but would go further and hold that an enforceable contract was created under the facts of the instant case.