DECISION AND JOURNAL ENTRY
Plaintiff-appellant, James M. Kyer, appeals the order of the trial court granting judgment in favor of defendant-appellee, K Mart Corporation, pursuant to the jury's verdict in its favor.
On December 18, 1971, K Mart hired Kyer as a full-time auto mechanic. He resigned from that job in September of 1973. A short time later he was rehired by K Mart as a manager of an auto repair facility. He later resumed his mechanic's duties, apparently due to his dislike of the management position. On February 8, 1985, K Mart terminated Kyer's employment for "Failure to maintain minimum production for the year * * *."
Shortly after his termination Kyer filed a complaint against K Mart. The complaint alleged that K Mart had breached an implied contract of employment with Kyer and had also made material representations designed to induce detrimental reliance on his part. Specifically, Kyer alleged that: 1) K Mart, through the promulgation of oral and written personnel policies and the representations of its agents, had made an implied promise to employees to terminate them only for just cause; and, 2) that K Mart's agents had induced Kyer to leave previous employment through promises of lifetime job security and were therefore estopped to renege on those promises.
The trial court instructed the jury that K Mart's power to terminate its employees at will, without legal consequences, could be circumscribed under the theories of implied contract and promissory estoppel. It instructed the jury on the elements of each of those theories, and how liability could be established. The trial court went over the three interrogatories it intended to submit to the jury. The interrogatories inquire of the jury the following:
"INTERROGATORY #1
"Was Mr. Kyer hired by K-Mart under an `at will' contract; that is, where either party could terminate the contract without cause?
"If the answer is yes, you do not have to answer the balance of the interrogatories.
"INTERROGATORY #2
"Was Mr. Kyer hired by K-Mart under a `just cause' contract; that is, where K-Mart could only terminate the contract for a violation of its rules, standards, or other just cause?
"INTERROGATORY # 3
"Do you find by a preponderance of the evidence that plaintiff's damages should reasonably cease as of the time he refused the offer of reemployment?"
Kyer's attorney requested that the trial court clarify its instructions with regard to the interrogatories. The court then admonished the jury that its deliberations would be more involved than interrogatory one might suggest. The jury was told that it would have to determine if the plaintiff had established the existence of an implied contract or the elements of promissory estoppel before answering yes to interrogatory number one. The jury answered yes to interrogatory number one. We affirm.
 ASSIGNMENT OF ERROR 1
"The trial court erred in ruling that the pre-judicial impact of K Mart's policy manual `People and Problems', outweighed its probative value and by editing the manual so as to prevent the jury from hearing evidence both probative and pertinent to the case."
Evid. R. 403(A) recites that:
"Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury."
A trial court's decision to admit or exclude evidence under Evid. R. 403 will not be reversed unless there has been an abuse of discretion.Humphrey v. State (1984), 14 Ohio App. 3d 15, 18 (citation omitted). There was no abuse of discretion here.
In order to establish his implied contract or promissory estoppel claims, Kyer was under a burden to prove that K Mart made oral or written promises or representations of continued job security. Mers v. DispatchPrinting Co. (1985), 19 Ohio St. 3d 100, 104; Jones v. East Center forCommunity Mental Health, Inc. (1984), 19 Ohio App. 3d 19. Perritt, Employee Dismissal Law and Practice (1984); 128-131, Section 4.7. In order to satisfy this burden, Kyer attempted to introduce a K Mart store manager's manual entitled "People and Problems."
"People and Problems" is a comprehensive guide to the avoidance of union organizing drives within K Mart Stores. The first nine pages of the manual instruct the manager on such things as dealing fairly with employee grievances, disciplinary matters, promotions, and pay raises. The remaining twelve pages of the manual outline specific strategies designed to prevent unionization of store employees. The trial court removed the last twelve pages from the manual and excised some of the references to union avoidance contained in the first nine pages. T. at 7. This truncated form of "People and Problems" was then submitted to the jury.
Kyer contends that he was unjustly deprived of an opportunity to put probative evidence before the jury. We disagree. Some of the union avoidance tactics set out in the omitted portion of the document could be found extremely offensive by many working people. Admitting such evidence posed a substantial danger of inflaming the emotions and strongly held beliefs of at least some jury members. Moreover, that portion of the document that was placed before the jury contained instructions on how managers could create a better sense of "job security" among employees.
Kyer presented thirty-two documents, several depositions and testimony to the jury. The prejudicial effect of that part of "People and Problems" dealing with anti-unionization strategies substantially outweighed its probative value. Evid. R. 403(A). Thus, the trial court did not abuse its discretion in keeping it from the jury. Accordingly, assignment of error one is overruled.
 ASSIGNMENT OF ERROR 2
"The trial court erred in its jury instruction concerning permanent or lifetime employment when no issue of permanent employment was before the court."
Kyer objected to the trial court's instruction concerning implied contracts of employment. T. at 36. Though the objection only referred to discussions had in the judge's chambers, it was specific enough to preserve the error alleged. Civ. R. 51(A). The part of the instruction complained of states:
"* * *.
"It is well established law in Ohio that, in the absence of an employment contract for a fixed and definite period, an employment relationship may be terminated at the will of the employer or the employee for any reason not contrary to law.
"Thus, plaintiff must prove that an express or implied contract existed obligating both parties for a fixed and definite period of time.
"Generally speaking, a contract for permanent employment, for life employment, or for other terms purporting permanent employment, where the employee furnishes no consideration additional to the services incident to the employment, amounts to an indefinite general hiring terminable at the will of either party, and a discharge without cause does not constitute a breach of such contract justifying recovery of damages." T. at 22. (Emphasis added).
"* * *."
Kyer contends that this portion of the instruction wrongly characterized his employment relationship with K Mart. K Mart hired Kyer when he was twenty-three years of age. Kyer contended, and now contends, that he had an employment contract of fixed duration with K Mart — to age 65 or as long as he performed satisfactorily — not a permanent contract. Kyer makes a distinction without a difference. Employment contracts extending from age 23 to age 65 or retirement are clearly permanent contracts. Cf. Henkel v. Educational Research Council (1976),45 Ohio St. 2d 249, 255. However, an employer can still limit his right to discharge at will and the trial court instructed the jury accordingly. Mers, supra. Thus, there was no error in the court's instructions and assignment of error two is overruled.
 ASSIGNMENT OF ERROR 3
"The trial court erred in failing to enter default judgment or impose other sanctions against the appellee pursuant to Civil Rule 37."
Although the record transmitted on appeal contains a copy of Kyer's request for sanctions, it does not contain the trial court's ruling on the matter. The trial court evidently ruled on the request from the bench. However, Kyer has only supplied us with a partial transcript containing selected excerpts of the trial proceeding. Unfortunately, the trial court's ruling is not contained in the excerpts.
The duty to provide a transcript for appellate review falls upon the appellant; absent the relevant portion of the transcript which makes resolution of the assigned error possible, the reviewing court must presume the validity of the proceedings below and affirm. State v.Ishmail (1978), 54 Ohio St. 2d 402. Accordingly, assignment of error three is overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to appellants.
Exceptions.
Quillin, P.J., Baird, J. concur.