CITY OF CLEVELAND, Appellant,

v.

ASSOCIATION OF CLEVELAND FIRE FIGHTERS,
LOCAL 93, INTERNATIONAL ASSOCIATION
OF FIRE FIGHTERS, Appellee.■

[Cite as *Cleveland v. Assn. of Cleveland Fire Fighters, Local 93, Internatl. Assn. of Fire Fighters* (1991), 73 Ohio App.3d 220.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58356.

Decided April 22, 1991.

*Craig S. Miller*, Director of Law; and *Thompson, Hine & Flory, Robert L. Larson* and *Keith A. Ashmus,* Special Labor Counsel, for appellant.

*Summers, Fox & McGinty, William L. Summers* and *Norman A. Fox,* for appellee.

---

ANN McMANAMON, Judge.

The plaintiff, city of Cleveland ("the city"), appeals the judgment in favor of defendant, Association of Cleveland Fire Fighters, Local 93, International Association of Fire Fighters ("the union"), entered in a labor controversy submitted to the common pleas court on remand from this court. See *Cleveland v. Assn. of Cleveland Fire Fighters, Local 93, Internatl. Assn. of Fire Fighters* (Oct. 9, 1986), Cuyahoga App. No. 50773, unreported. In four assignments of error,[1] the city contests the judgment of the trial court, controverting evidentiary matters and the court's findings of fact and conclusions of law. Upon review, we affirm.

In 1980 the city and union composed a "compact" in which the union agreed to limit any wage demands for 1981 and 1982 to a maximum eight percent pay increase to facilitate the city's drive to pass a .5 percent income tax increase on the November ballot. Representatives of the parties signed the document.

Voters defeated the proposed tax increase in 1980, but passed it in a February 1981 special election. Three months later, city and union officials agreed to a labor contract, which included an eight percent pay increase, for 1981–1982. The union membership, however, rejected this agreement and, through a union negotiating team, demanded a 9.6 percent wage increase.

The city and union, unable to reach consensus, submitted their impasse to arbitrators pursuant to a binding arbitration provision encompassed in a "Memorandum of Understanding" between the two. The arbitration panel approved the union's proposed 9.6 percent wage increase ceiling, declining to consider the 1980 compact because:

" * * * it would be highly presumptuous for this arbitration panel to justify any part of its Decision and Award on the basis of a compact which one party now disaffirms and which neither party chose to include in their Memorandum of Understanding as a 'factor' to be utilized in the arbitration process." *In re Arbitration between City of Cleveland & Internatl. Assn. of Fire Fighters, AFL–CIO, Local No. 93* (Dec. 4, 1981), No. 53–30–0295–81, at 7.

The city sought declaratory relief and vacation of the arbitration award in the court of common pleas. That court declined to vacate the arbitration

---

1. See Appendix.

award, finding the panel properly excluded the compact, as irrelevant, from its consideration of the impasse. The court granted the union's motion to confirm the award.

A panel of this court dismissed the city's appeal from that judgment for want of jurisdiction, pursuant to Civ.R. 54(B), as the court failed to enter a final decree on the city's prayer for declaratory relief. *Cleveland v. Assn. of Cleveland Fire Fighters* (Aug. 25, 1983), Cuyahoga App. No. 45216, unreported, 1983 WL 4630.

Upon remand, the trial court amended its judgment to dismiss the declaratory judgment action, determining that it lacked authority to review an issue conclusively determined by a binding arbitration award.

The city appealed the judgment to this court and, despite losing on the issue of the trial court's refusal to vacate the arbitration award, won a reversal of the dismissal of the declaratory relief action. *Cleveland v. Assn. of Cleveland Fire Fighters, Local 93* (1984), 20 Ohio App.3d 249, 20 OBR 311, 485 N.E.2d 792. A panel of this court held that, though the trial court properly confirmed and enforced the arbitrators' decision, it incorrectly decided that the order included a determination of the validity and effect of the compact. *Id.* The panel found "[t]he arbitrators expressly disclaimed any decision about the validity or effect of the later compact." *Id.* at 254, 20 OBR at 316, 485 N.E.2d at 798. The panel remanded the declaratory relief action to the trial court for a determination of the effect of the compact on the rights established by the arbitration decision. *Id.* at 255, 20 OBR at 317, 485 N.E.2d at 798–799.

The trial court, on remand, reviewed the transcripts of the arbitration panel and the transcript of the hearing on the city's motion to vacate the arbitration award. Without procuring or considering any additional evidence, requesting briefs or providing opportunity for the parties to present evidence or argue, the trial court concluded the compact was not a binding contract.

On appeal, another panel of this court reversed and remanded the judgment of the trial court for a trial *de novo* to determine the effect of the compact on any rights established by the arbitration decision.

In 1988, the trial court conducted the trial *de novo*. In its findings of fact and conclusions of law, it essentially concluded that the compact was invalid and thus not binding and without effect on the parties. As a result, it affirmed the arbitration award.

The city's first assigned error charges that the court erroneously refused to admit the record of a city press conference into evidence so as to establish the truth of its contents.

The city claims the substance of the record constituted a business or public records exception to the rule against hearsay. Evid.R. 803(6) and 803(8). In the alternative, the city posits the content of the document was an admission by a party opponent, and thus not hearsay, pursuant to Evid.R. 801(D)(2)(b).

The record of the press conference reveals that the mayor of the city told the press, in the presence of union presidents, that the unions signed the compact and that he would not have put the tax increase on the ballot had the city not reached a two-year agreement with the unions. City attorneys introduced the record through its custodian, the mayor's former assistant press secretary. A union objection was sustained.

The court found the mayor's recorded statements to be hearsay as defined by Evid.R. 801(C) and prohibited by Evid.R. 802. As a result, the court declined to admit the substance of the release, allowing the document into evidence only as proof that a news release of the compact was the subject of a news release on October 31, 1980. The city did not object.

A reviewing court will not consider issues which the appellant failed to raise in the trial court. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629; *American Vineyards Co. v. Wine Group* (1984), 20 Ohio App.3d 366, 20 OBR 471, 486 N.E.2d 854; *BancOhio Natl. Bank v. Abbey Lane Ltd.* (1984), 13 Ohio App.3d 446, 13 OBR 536, 469 N.E.2d 958; *Olbrich v. Shelby Mut. Ins. Co.* (1983), 13 Ohio App.3d 423, 13 OBR 510, 469 N.E.2d 892; *Schwartz v. Wells* (1982), 5 Ohio App.3d 1, 2, 5 OBR 1, 2, 449 N.E.2d 9, 11. Further, we are mindful that the city cannot take advantage of the objection made by its opponent to seek relief. *Ball v. Youngstown Sheet & Tube Co.* (App.1955), 75 Ohio Law Abs. 140, 142 N.E.2d 874; *Fried v. Fried* (1989), 65 Ohio App.3d 61, 582 N.E.2d 1038. Finally, we note that, in a bench trial, the court is presumed to have considered only relevant, material and competent evidence. *State v. Post* (1987), 32 Ohio St.3d 380, 384, 513 N.E.2d 754, 759, certiorari denied (1988), 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023; *State v. Bey* (Feb. 19, 1991), Cuyahoga App. No. 57973, unreported, 1991 WL 12950; *State v. Standberry* (July 26, 1990), Cuyahoga App. No. 56541, unreported, 1990 WL 104971.

This assignment of error is not well taken.

The city's second and third assigned errors controvert the court's findings of fact and conclusions of law. The city specifically attacks eleven of the factual findings as being unsupported by the record and seven conclusions of law as based neither in fact nor law.

■ An appellate court reviews a trial court's findings of fact and conclusions of law to determine whether the lower court properly applied the law to the facts and determined the facts consistent with the evidence. *Freeman v. Westland Builders, Inc.* (1981), 2 Ohio App.3d 212, 2 OBR 231, 441 N.E.2d 283.

■ A reviewing court must presume the trial court's findings are correct, in absence of evidence to the contrary, as the trial judge is best able to view the witnesses and use such observations in weighing their credibility. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276. An appellate court should not substitute its judgment for that of the trial court when there is credible and competent evidence supporting the trial court's findings. *Seasons Coal Co., supra.*

■ We further note that three panels of this court have reviewed this matter and their findings and decisions have finally settled certain issues and thus become the law of the case. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390; *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410; *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 537 N.E.2d 665; *Blackwell v. Internatl. Union, U.A.W.* (1984), 21 Ohio App.3d 110, 21 OBR 117, 487 N.E.2d 334.

The following factual findings, in addition to being evidence in the record before us, were previously determined by panels of this court: (1) The compact called for the unions to put an eight percent cap on their requests for wage and benefit increases for 1981 and 1982 while the city promoted passage of a .5 percent income tax increase; (2) the union president, before signing, expressed his lack of authority to bind members by signing the compact; (3) after the union leader signed the pact, the union ultimately submitted contract wage demands in excess of eight percent; and (4) the labor negotiations, which commenced after the February 1981 passage of the tax increase, resulted in the city's final offer in May of that year.

■ We find that the following factual findings, not previously addressed by panels of this court, are supported by competent and credible evidence in the record of this proceeding: (1) The city requested union leaders to sign the compact on September 3, 1980; (2) the president of the union lacked authority to bind his members by signing the compact; (3) the city required the president to sign in spite of knowing he lacked authority to bind his membership; (4) approximately one half of the city unions signed the compact; and (5)

the fire department operating budget increased nominally as a result of the tax increase.

We note that the court's finding that, after signing the compact, the union president told the city he believed it was too vague to be ratified by the union membership, is in direct contravention of the testimony adduced at trial. The court improperly resolved this issue of credibility by relying upon the deposition testimony of the union president in conflict with testimony presented at trial. *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App.2d 78, 60 O.O.2d 171, 286 N.E.2d 324; *Cleveland v. Assn. of Cleveland Fire Fighters, Local 93* (Oct. 9, 1986), Cuyahoga App. No. 50773, unreported. This finding must be deleted.

The court's finding that no labor negotiations took place in 1980, subsequent to execution of the compact, by reason of the tax proposal failure, is also erroneous, and in contradiction to the trial testimony and exhibits. It also must be deleted.

■ The city's summary allegation that the court erred in not adopting thirty-six of its proposed findings will not be addressed as Civ.R. 52 expressly states, in relevant part:

"When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record."

We note also that three of the court's challenged conclusions of law were determined by panels of this court in the previous appeals: (1) The union membership rejected the compact; (2) the arbitration panel did not consider the compact in making its award and, thus, was not limited by its guidelines; and (3) The award of the arbitrator was affirmed. These issues are finally settled and have become the law of the case. *Hawley, Nolan, McCoy* and *Blackwell, supra.*

■ The court properly concluded the compact was "indefinite, vague, illusory and therefore, unenforceable." The compact called for the union to support the city in its efforts to pass the tax proposal by limiting its wage increase demands for two years. The compact offers the union nothing in consideration for its support and the record suggests that nothing in fact was given. Such an "agreement," therefore, is unenforceable as it fails to encompass consideration, an essential element of the bargain. *Jones v. East*

*Ctr. for Community Mental Health, Inc.* (1984), 19 Ohio App.3d 19, 19 OBR 85, 482 N.E.2d 969; *Mr. Mark Corp. v. Rush, Inc.* (1983), 11 Ohio App.3d 167, 11 OBR 259, 464 N.E.2d 586.

The court also correctly noted that the compact was not valid and binding on the union. Even if the contract contained adequate consideration, it was expressly rejected by the union membership.

The record contains ample evidence that the parties signed the document with the understanding that it had to be ratified. Ratification may be express or implied. *Campbell v. Hospitality Motor Inns* (1986), 24 Ohio St.3d 54, 24 OBR 135, 493 N.E.2d 239; *Kimball v. Kimball Bros.* (1944), 143 Ohio St. 500, 28 O.O. 425, 56 N.E.2d 60. It is undisputed that there was no express ratification of the compact in this case. Ratification may be implied where there is actual knowledge of an agreement, acceptance of its benefits and a failure to repudiate the unauthorized contract within a reasonable period of time. *Campbell, supra; United States Rolling Stock Co. v. Atlantic & Great Western RR. Co.* (1878), 34 Ohio St. 450; *Helle v. Landmark* (1984), 15 Ohio App.3d 1, 15 OBR 22, 472 N.E.2d 765. The union ultimately received only nominal budget increases as a result of the tax increase. Prior to the passage of the tax increase, however, the union membership expressly rejected the compact. Thus, ratification by the membership cannot be implied.

 The court's conclusion that the union was not estopped from denying the validity of the compact is correct. A party is estopped from denying an agreement he induced through his representations if such denial would create injustice. *Karnes v. Doctors Hosp.* (1990), 51 Ohio St.3d 139, 555 N.E.2d 280; *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150; *McCroskey v. State* (1983), 8 Ohio St.3d 29, 8 OBR 339, 456 N.E.2d 1204; *State ex rel. Cities Service Oil Co. v. Orteca* (1980), 63 Ohio St.2d 295, 17 O.O.3d 189, 409 N.E.2d 1018; *Talley v. Teamsters Local No. 377* (1976), 48 Ohio St.2d 142, 2 O.O.3d 297, 357 N.E.2d 44; *London & Lancashire Indemn. Co. v. Fairbanks Steam Shovel Co.* (1925), 112 Ohio St. 136, 147 N.E. 329; *Jones v. East Center for Community Mental Health, supra; First Federal S. & L. Assn. v. Perry's Landing* (1983), 11 Ohio App.3d 135, 11 OBR 215, 463 N.E.2d 636; *Blackwell v. Internatl. Union, U.A.W.* (1983), 9 Ohio App.3d 179, 9 OBR 289, 458 N.E.2d 1272.

The city admittedly knew the union would seek ratification of the compact. The union never represented that the membership approved the terms. As the city had full knowledge of the truth and offers no evidence that the union misled it, the city cannot now claim estoppel. *Pedler v. Aetna Life Ins. Co.* (1986), 23 Ohio St.3d 7, 23 OBR 6, 490 N.E.2d 605.

Finally, the determination that the compact would have terminated on or about January 1, 1981 is erroneous, as it is supported neither by the plain language of the compact nor the evidence in the record. This determination also must be deleted.

The city's second and third assignments of error are well taken in part.

The city, in its fourth assigned error, contests the judgment on the basis of the legal issues we addressed in the preceding discussion. We reiterate that, based on the foregoing, the judgment of the trial court is supported by law.

This assignment of error fails.

The judgment of the trial court is affirmed, as modified, to delete the erroneous findings enumerated in our consideration of assignments of error two and three.

*Judgment affirmed, as modified.*

DYKE, P.J., and SPELLACY, J., concur.

### APPENDIX

Appellant's assigned errors are:

#### I

"The court erred in admitting plaintiff's exhibit 5 into evidence only for the fact of its having been generated and not for purposes of establishing the truth of the contents."

#### II

"The court below erred in adopting, *in toto*, the proposed findings of fact of the defendant-appellee, and in particular, in adopting findings of fact Nos. 1, 2, 3, 4, 5, 6, 9, 10, 14, 17 and 18 and in failing to adopt any of the city's proposed findings."

#### III

"The court below erred in adopting, *in toto*, the proposed conclusions of law of the defendant-appellee, and in particular, in making conclusions of law Nos. 1, 2 (all subparts), 3 (all subparts), 4, 5, 6 and 7, and in failing to adopt any of the city's proposed conclusions."

#### IV

"The court below erred in entering judgment in favor of defendant appellee."