JOURNAL ENTRY AND OPINION
Plaintiff-appellant Guy M. Cicchini ("appellant") appeals from the trial court's denial of his motions for modification of child support and to remove the guardian ad litem.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING WITHOUT AN EVIDENTIARY HEARING PLAINTIFF-APPELLANT'S MOTION FOR MODIFICATION OF CHILD SUPPORT.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING PLAINTIFF-APPELLANT'S MOTION TO REMOVE THE GUARDIAN AD LITEM WITHOUT AN EVIDENTIARY HEARING.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SIGNING A FINAL JUDGMENT ENTRY SUBMITTED BY THE GUARDIAN AD LITEM WHICH OVERRULED PLAINTIFF-APPELLANT'S MOTION FOR STAY PENDING APPEAL, MOTION FOR MODIFICATION OF CHILD SUPPORT AND MOTION TO REMOVE THE GUARDIAN AD LITEM.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
This long and contentious litigation began with appellant filing a complaint to establish the Parent Child Relationship on July 10, 1990. The child at issue, Richard Crew, was born on June 19, 1988. The child was the result of a relationship between appellant and Michelle Crew. Paternity was admitted by Michelle Crew. The parent-child relationship between appellant and Richard Crew then was established. The parents entered into an odyssey of litigation encompassing numerous motions, accusations, and rulings in various courts, primarily on issues of child support and visitation. On January 29, 1998, the trial court entered final judgment in which appellant's child support obligation was determined. That ruling is the subject of a separate appeal before this court in Case No. 74009.
On May 22, 1998, appellant filed a motion for modification of child support in which he raised various problems with the original decree regarding the amount of his child support obligation. Appellant also averred a substantial change of circumstances had occurred since the hearing held before the entry of final judgment. Appellant stated he had two children with his current wife and they were expecting another child. Appellant also stated that a large judgment had been rendered against him. On May 27, 1998, appellant filed a motion to remove the guardian ad litem alleging the guardian ad litem had garnished a savings account of the child creating a conflict of interest. The trial court overruled both motions. Appellant has appealed from this decision.
 II.
In his first assignment of error, appellant contends the trial court committed reversible error by denying his motion for modification of child support without first completing a child support worksheet. Appellant asserts the trial court failed to perform any of the calculations required by R.C. 3113.215(B)(4). Appellant points to the birth of additional children and a large judgment entered against him as constituting substantial changes justifying a modification.
R.C. 3113.215(B)(4) provides in pertinent part:
 If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet if that amount of child support as recalculated is more than ten per cent greater than or ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstances that is substantial enough to require a modification of the child support order.
R.C. 3115.215 must be followed literally and technically in all material respects. Marker v. Grimm (1992), 65 Ohio St.3d 139, at paragraph two of the syllabus. In the instant case, the trial court denied appellant's motion for modification without holding a hearing or filling out a new child support worksheet. InOrefice v. Orefice (Dec. 19, 1996), Cuyahoga App. No. 70602, unreported, this court held that where no actual re-calculation or modification of a child support obligation occurred, the trial court was not required to include a child support worksheet in the record.
In his appeal, appellant raises two reasons why his child support payments should have been reduced. The first is the birth of additional children. The trial court filed the judgment entry establishing appellant's child support obligation on January 29, 1998. Appellant's two children with his current wife were born prior to this date. The trial court included a deduction for these children on the child support worksheet attached to the journal entry. In his motion to modify child support, appellant averred his wife was expecting a third child. The trial court did not have to include a deduction for this child prior to birth.
Appellant also argues that the trial court should have considered a substantial judgment rendered against him as cause for a modification. The document attached to appellant's motion to modify support shows that a judgment for lien was placed on appellant's property on October 22, 1997. This also is before the date of the trial court's journal entry establishing appellant's child support payments. Generally, the changed circumstances relied upon to obtain modification of a child support order must not have been within the knowledge or contemplation of the trial court when the decree was entered. Osborne v. Osborne (1992),81 Ohio App.3d 666, 673. Appellant provided no evidence that the circumstances upon which he relied to show a substantial change were not within the knowledge or contemplation of the trial court at the time the decree was issued. The trial court is not required to complete a worksheet or perform a re-calculation when the moving party presents no evidence that the changed circumstances arose after the support order was entered or were not known by the trial court beforehand.
Appellant's first assignment of error lacks merit.
 III.
Appellant's second assignment of error argues the trial court erred by overruling his motion to remove the guardian ad litem. Appellant's motion asserted that the guardian ad litem attached a savings account of the child, Richard Crew, in order to satisfy the judgment rendered against appellant for the guardian ad litem's fees. Appellant maintains that by garnishing his ward's savings account, the guardian ad litem has placed his own self- interest above the best interests of the child.
The record before this court indicates that the guardian ad litem requested the bank to remove the attachment from his ward's savings account. The account was garnished because appellant was listed as guardian on the account. There is no evidence in the court file that monies from the account in question actually were withdrawn in order to satisfy the amount owed by appellant for the guardian ad litem's fee. Without any evidence supporting appellant's contention that the guardian ad litem attached his ward's account before this court, no error is perceived in the trial court's action overruling appellant's motion to remove the guardian ad litem.
Appellant's second assignment of error is overruled.
 IV.
Appellant's third assignment of error contends the trial court erred by signing a final judgment entry drafted by the guardian ad litem. There is nothing in the record reflecting that appellant ever challenged the submission of the proposed judgment entry which overruled appellant's motion to remove the guardian ad litem. The issue of the impropriety of the guardian ad litem drafting this judgment entry is being raised for the first time on appeal. It is axiomatic that a party cannot raise new issues for the first time on appeal. Issues are to be raised at the trial court level or they will be considered to be waived upon appeal. Mark v. Mellott Mfg. Co., Inc. (1995), 106 Ohio App.3d 571. A reviewing court will not consider issues which the appellant failed to raise in the trial court. Cleveland v. Assn. of Fire Fighters,Local 93 (1991), 73 Ohio App.3d 220. Because appellant failed to bring this issue to the attention of the trial court, he cannot now raise the issue on appeal.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ LEO M. SPECLLACY JUDGE
TERRENCE O'DONNELL. P.J. and
TMOTHY F. MCMONAGLE, J. CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).