DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Erie County Court of Common Pleas, Domestic Relations Division, in a contempt action for nonpayment of child support arrearages. Appellant maintains that she should not have been held in contempt as the court's original judgment was misleading. Because we conclude that the trial court's underlying order was unambiguous, we affirm.
On April 3, 1998, the domestic relations court found appellant, Sheila Grimes (nka Adams), pursuant to her own admissions, to be in contempt of court for failure to pay child support. Appellant was sentenced to thirty days in jail which was stayed if she paid $70 per month plus poundage ($20 per month for current child support and $50 per month toward arrearages) and sought full-time employment.
In September 1998, the Erie County Child Support Enforcement Agency ("ECCSEA") notified the court that, due to the emancipation of the parties' youngest child, appellant's current child support obligation was terminated. However, the ECCSEA moved the court to order appellant to continue paying the presently ordered amount of $70 towards arrearages, effective until paid in full. The court granted the agency's motion.
In February 2000, ECCSEA moved the court to impose the original thirty day sentence from the April 1998 judgment, for the reason that appellant had failed to comply with the purge conditions of that order. On April 6, 2000, the trial court held a hearing on the agency's motion; it granted the motion, and appellant was ordered to serve thirty days in jail.
Appellant now appeals from that judgment, maintaining that she misunderstood and relied to her detriment upon the September 1998 judgment entry which terminated her then current child support obligation. Appellant essentially argues that the judgment entry was misleading and that, due to the ECCSEA's delay in enforcing the court's order, it was reasonable for her to think that she no longer had to pay child support in any amount. We disagree.
Appellant's argument regarding detrimental reliance is grounded in the equitable doctrine of promissory estoppel which has been defined as:
 "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Talley v. Teamsters Local No. 377 (1976), 48 Ohio St.2d 142, 146
adopting the Restatement of the Law, Contracts 2d (1973), Section 90.
Thus, in order for appellant's claim to succeed, she must initially establish the threshold element of the making of a promise which would have reasonably been expected to induce the action she took in not paying child support.
In this case the entry, to which appellant refers as misleading, clearly states:
 "[t]hat the order of current support be terminated as of 09-11-98, but that the present ordered amount, including arrearage payment, continue in effect until all arrears have been paid." (Emphasis added.)
We find nothing misleading or ambiguous about this entry. Additionally, nothing in the record indicates that appellant could not read or was impaired in some way so as to prevent her understanding of this order. The judgment stated nothing about vacating or terminating the order to pay past due child support, which was the basis for the court's original finding of contempt. Appellant has, thus, failed to establish the first criterion in support of her detrimental reliance argument — a promise which would induce her actions.
Moreover, ECCSEA's delay does not provide an excuse for appellant's failure to pay support. Rather, it permitted appellant a longer time to comply with the purge conditions, which she failed to do. Consequently, appellant's argument that the judgment entry and ECCSEA's delay in enforcing the order misled her is simply without merit. Therefore, we conclude that since appellant failed to comply with the purge conditions, the trial court did not err in imposing the thirty day jail sentence.
Accordingly, appellant's assignment of error is not well-taken.
The judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.
JUDGE
James R. Sherck, J., Mark L. Pietrykowski, J., CONCUR.