LUPER SCHUSTER, J., concurring in part and dissenting in part.
 

 {¶ 52} I agree with the majority's resolution of Patel's first assignment of error that the Court of Claims did not err in granting UT's motion for summary judgment with respect to the breach of contract claim. Similarly, I agree with the majority's resolution of Patel's fifth assignment of error that the Court of Claims did not err in granting summary judgment on
 Patel's claim of breach of fiduciary duty. However, being unable to agree with the majority's resolution of the remaining three assignments of error, I respectfully concur in part and dissent in part.
 

 {¶ 53} In the statement of her second assignment of error, Patel argues the trial court erred in determining there was no genuine issue of material fact as to whether UT breached an implied contract. I agree with the majority, however, that Patel's second assignment of error actually contends the trial court erred in finding no issue of material fact with respect to a claim of promissory estoppel. I disagree, however, with the majority's resolution of this assignment of error.
 

 {¶ 54} Under the equitable doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."
 
 McCroskey v. State
 
 ,
 
 8 Ohio St.3d 29
 
 , 30,
 
 456 N.E.2d 1204
 
 (1983) ;
 
 Talley v. Teamsters Local No. 377
 
 ,
 
 48 Ohio St.2d 142
 
 , 146,
 
 357 N.E.2d 44
 
 (1976). To prevail on a claim of promissory estoppel, a plaintiff must show: "(1) the existence of a clear and unambiguous promise (2) upon which one would reasonably and foreseeably rely, and (3) plaintiff actually relied on the promise (4) to plaintiff's detriment."
 
 Steele v. Mara Ents., Inc.,
 
 10th Dist. No. 09AP-102,
 
 2009-Ohio-5716
 
 ,
 
 2009 WL 3494847
 
 , ¶ 13, citing
 
 Interstate Gas Supply, Inc. v. Calex Corp.
 
 , 10th Dist. No. 04AP-980,
 
 2006-Ohio-638
 
 ,
 
 2006 WL 328679
 
 , ¶ 105.
 

 {¶ 55} Even construing Dean Gaspar's statements regarding accreditation as a clear and unambiguous promise, I would nonetheless conclude Patel's claim of promissory estoppel fails because a reasonable juror could only conclude that it was not reasonable for Patel to rely on Dean Gaspar's words related to future accreditation of the BSN-DNP program. As the trial court noted, there is no dispute that Dean Gaspar lacked the authority to guarantee the BSN-DNP program would be accredited by a certain date. Construing the facts most strongly in favor of Patel, as we must under summary judgment, even by Patel's own version of events, Dean Gaspar conveyed to the students in the initial conversation that it was an outside entity that made determinations regarding accreditation. Additionally, there is no dispute that Patel knew the program was not accredited when she chose to enroll in it. It was therefore not reasonable for Patel to rely on Dean Gaspar's statements regarding accreditation when she knew both that the program was not accredited and that the ultimate decision on accreditation would come from CCNE and not from a representative of UT.
 
 See, e.g.,
 

 Militiev v. McGee
 
 , 8th Dist. No. 94779,
 
 2010-Ohio-6481
 
 ,
 
 2010 WL 5550258
 
 , ¶ 41 (where a defendant's intention to perform is reliant on the conduct of a third party, it is not reasonable or foreseeable for the plaintiff to rely on the defendant's intention since neither plaintiff nor defendant "could possibly or realistically know if, or when, a third party" would perform in the absence of any definitive details concerning the third party's performance).
 

 {¶ 56} Moreover, even if I were to conclude there remain genuine issues of material fact as to whether Patel's reliance on Dean Gaspar's statements was reasonable, I would still conclude Patel's promissory estoppel claim fails because she did not actually rely on the alleged promise. Patel asserts Dean Gaspar promised the BSN-DNP program would be accredited by December 2015, what would have been her graduation date had she not made any
 changes to the pace of her coursework. However, by choosing to change her graduation date to August 2015, Patel was no longer acting in reliance on Dean Gaspar's words. For this additional reason, I would conclude the trial court did not err in granting summary judgment to UT on Patel's claim of promissory estoppel. Accordingly, I would overrule Patel's second assignment of error.
 

 {¶ 57} In her third assignment of error, Patel argues the trial court erred in granting summary judgment to UT on Patel's claim of negligent misrepresentation. As the majority notes, one of the elements of negligent misrepresentation is the plaintiff's justifiable reliance upon the information.
 
 Federated Mgt. Co. v. Coopers & Lybrand
 
 ,
 
 137 Ohio App.3d 366
 
 , 395,
 
 738 N.E.2d 842
 
 (10th Dist. 2000).
 
 See also
 

 Heinz & Assocs., Inc. v. Diamond Cellar Holdings, LLC
 
 , 10th Dist. No. 11AP-688,
 
 2012-Ohio-1422
 
 ,
 
 2012 WL 1079087
 
 , ¶ 20 (stating "[r]easonable or justifiable reliance is an element of promissory estoppel, fraudulent misrepresentation, and negligent misrepresentation"). Having concluded under my analysis of Patel's second assignment of error that Patel's reliance on Dean Gaspar's statements related to accreditation was not reasonable, I would similarly conclude that Patel's claim for negligent misrepresentation fails as a matter of law.
 

 {¶ 58} Additionally, a claim of negligent misrepresentation based on a promise of future conduct exists in "the instance of the actor who makes a promise of future action, occurrence or conduct, and who, at the time he or she makes it, has no intention of keeping the promise."
 
 Applegate v. Northwest Title Co.
 
 , 10th Dist. No. 03AP-855,
 
 2004-Ohio-1465
 
 ,
 
 2004 WL 585592
 
 , ¶ 21. "In such case, the requisite misrepresentation of an existing fact is said to be found in the lie as to his existing mental attitude and present intent." (Internal quotation omitted).
 

 Id.
 

 Patel's alleged misrepresentation here is Dean Gaspar's assurances that the BSN-DNP program would be accredited by the time she was scheduled to graduate from the program. There is no dispute that, at the time Patel engaged in that conversation with Dean Gaspar, her expected graduation date was December 2015. Further, there is no dispute that UT did obtain a site visit from CCNE in the fall of 2015 and was awaiting accreditation at the time Patel filed suit, which would be backdated to the site visit, meaning students graduating from UT's program in December 2015 would be deemed to have graduated from an accredited program. Thus, there is no genuine issue of material fact related to whether Dean Gaspar had any intention to perform the promise as Civ.R. 56 evidence demonstrates UT actively sought accreditation in time for the December 2015 graduating class. For this additional reason, I would overrule Patel's third assignment of error.
 

 {¶ 59} In her fourth assignment of error, Patel argues the trial court erred in granting summary judgment to UT on her fraud claim. The majority correctly notes that a claim of fraud cannot be premised on mere future predictions.
 
 Metz v. Am. Elec. Power Co., Inc.,
 

 172 Ohio App.3d 800
 
 ,
 
 2007-Ohio-3520
 
 ,
 
 877 N.E.2d 316
 
 , ¶ 29 (10th Dist.). There is, however, an exception to this rule where the defendant, at the time it makes its representation, has no intention of keeping the promise.
 

 Id.
 

 Though the majority concludes there remains a genuine issue of material fact as to whether Dean Gaspar ever intended to keep his promise, the record unequivocally says otherwise. As I noted in my resolution of Patel's third assignment of error, there is no dispute in the record that UT had a site visit from CCNE in the fall of 2015, paving the way for eligibility of accreditation backdating to December 2015, the time
 when the first students were scheduled to graduate from UT's BSN-DNP program at the time Dean Gaspar had the conversation with Patel regarding accreditation.
 

 {¶ 60} I would additionally note that fraud, much like promissory estoppel and negligent misrepresentation, requires the plaintiff's reliance to be reasonable and justifiable.
 
 Martin v. Ohio State Univ. Found.
 
 ,
 
 139 Ohio App.3d 89
 
 , 98,
 
 742 N.E.2d 1198
 
 (10th Dist. 2000). From the Civ.R. 56 evidence provided, it simply was not reasonable for Patel to rely on Dean Gaspar's statements that an outside, independent third party, here CCNE, would act in any certain way within any particular time frame. For these reasons, a reasonable juror could only conclude there remain no genuine issues of material fact regarding Patel's fraud claim, and that claim must fail as a matter of law. Thus, I would overrule Patel's fourth assignment of error.
 

 {¶ 61} Based on these reasons, I respectfully dissent on the issues of promissory estoppel, negligent misrepresentation, and fraud.