MAYSOM LIMITED PARTNERSHIP et al., Appellees,

v.

VILLAGE OF MAYFIELD et al., Appellants.*

[Cite as *Maysom L.P. v. Mayfield* (1994), 96 Ohio App.3d 543.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 65944, 65945, 65946 and 65947.

Decided Aug. 15, 1994.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 71 Ohio St.3d 1444, 644 N.E.2d 407.

*Thompson, Hine & Flory, David L. Parham* and *Karen E. Rubin,* and *Michael P. Butler,* Assistant County Prosecutor, for appellees.

*Joseph W. Diemert, Jr.,* Law Director, for appellants.

PATTON, Presiding Judge.

Defendant-appellant, village of Mayfield et al. ("appellants"), appeals the trial court's decision to grant plaintiff-appellee, Maysom Limited Partnership's ("appellees"), petition for relief, declaring Ordinance 92–34 invalid and unconstitutional and declaring the original judgment and permanent injunction entered in 1977 to be valid and in effect.

This case dates back to 1972 and has been before this court on two previous occasions. The dispute arises over the proper and constitutional zoning of approximately three hundred acres of real property located in Mayfield Village, Ohio ("property"). The property is bounded by I–271 on the west, S.O.M. Center Road on the east, Highland Road on the south and by the northern property line of Midvale Avenue lots on the north. Appellees are the successors in interest to the original owners who first tried this case in 1977.

Prior to 1972, the property was subject to "layer-cake" zoning, dividing it into three north-south bands according to usage: single-family along S.O.M. Center Road, production-distribution in the middle "layer," and office-laboratory along I–271. In 1972, appellants passed Ordinance 72–2, zoning the entire property "U–1," single-family residential. Appellees sued for declaratory judgment seeking

the zoning ordinance declared invalid and unconstitutional. The trial court rendered judgment and a permanent injunction in favor of appellees, declaring that Ordinance 72–2 constituted an arbitrary and capricious taking of the property without due process and was therefore unconstitutional. ("*Mayfield I*".)

The trial judge in *Mayfield I* permanently enjoined the appellants from enforcing Ordinance 72–2 and restored the layer-cake zoning. Appellants appealed the trial court's decision to this court. While the appeal was pending the appellants enacted Ordinance 77–33, which purported to subject the property again to the same U–1 single-family residential zoning which the trial court had struck down previously. Subsequently, appellants dismissed its appeal of *Mayfield I*.

In 1984, the appellants indicated they would not abide by the 1977 trial court judgment in *Mayfield I*. The owners of the property during this time filed a motion for further relief, requesting that the court declare Ordinance 77–33 void and that it order the appellants to comply with the 1977 judgment. The trial court denied the motion and the owners appealed to this court. This court reversed the trial court's judgment, finding the single-family zoning of Ordinance 77–33 unconstitutional pursuant to the 1977 judgment ("*Mayfield II*").

On March 1, 1993, the appellants adopted Ordinance 92–34, which purported to subject the property to the same U–1 single-family residential zoning. Appellees filed their petition for further relief under R.C. 2721.09 seeking an order invalidating Ordinance 92–34. The trial court granted the petition for relief, declaring Ordinance 92–34 invalid and unconstitutional and declaring the original judgment and permanent injunction entered in 1977 to be valid and effective.

Appellants' first three assignments of error will be considered together. They state:

"I. The trial court erred by failing to follow the 1977 trial court's findings of fact and conclusions of law and the 1986 court of appeals decision where these prior opinions have set forth specific errors that had been committed by the Village of Mayfield in prior zoning attempts, and the village, based on these opinions, has cured these infirmities in its latest rezoning of the subject property to single family residential use. (July 8, 1993 judgment entry and findings of fact and conclusions of law.)

"II. The trial court erred by misconstruing the law governing the requisite burden of proof with respect to zoning ordinances by holding that Ordinance 92–34 is unconstitutional when the validity of this ordinance is presumed, and clearly passes the 'fairly debatable' test as set forth in Ohio law. (Findings of fact; conclusions of law 2–4.)

"III. The trial court erred by granting plaintiffs' petition for further relief under R.C. § 2721.09 in a case decided in 1977 and where new parties and significant changes in facts have occurred. (Findings of fact; conclusions of law.)"

Appellants maintain that the trial court erred by failing to follow the 1977 trial court's finding of fact and conclusions of law and the 1986 court of appeals decision where these prior opinions have set forth specific errors that need to be cured in order for the property to be rezoned. Appellants claim that they have cured these infirmities in its latest rezoning ordinance. Furthermore, appellants assert that the trial court erred by holding that Ordinance 92–34 did not pass the "fairly debatable" test and that no significant changes in the facts have occurred to permit appellants to rezone the property.

The appellees filed a motion for further relief pursuant to R.C. 2721.09, which provides:

"Whenever necessary or proper, further relief based on a declaratory judgment or decree previously granted may be given. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

This statute places the burden on the appellant to show why further relief should not be granted. *Weisberg v. Village of Mayfield* (January 30, 1986), Cuyahoga App. No. 50741–48, unreported, 1986 WL 1312. This burden was not met.

This court stated in *Cent. Motors Corp. v. Pepper Pike* (1979), 63 Ohio App.2d 34, 13 O.O.3d 347, 17 O.O.3d 240, 409 N.E.2d 258:

"[O]nce a zoning ordinance is declared unconstitutional as applied to a property owner's parcel of land, and a court makes a determination as to reasonable use or uses for that land, any action taken to frustrate the property owner in his development of the land for its reasonable use is an unconstitutional act. While there is a separation of powers between the judicial and the legislative and executive branches of the government, once a court becomes involved in a legislative matter such as zoning and a municipality defaults on its obligation to comply with a court order, the court may, pursuant to R.C. 2721.09, and its inherent power, fashion a remedy to assure enforcement of its order. The city should make a prompt start toward full compliance with the court order and the burden rests upon the city to demonstrate that additional time is necessary to comply with the order. Where this burden is not met, the court, having retained jurisdiction of the matter, may take such action as is necessary to repair the

denial of a property owner's right to develop his land in a manner consistent with the court order." *Id.* at 62, 13 O.O.3d at 365–366, 409 N.E.2d at 278.

R.C. 2721.09 places the burden on the appellants to demonstrate why their action should be permissible. The appellants argue that the circumstances of the zoned property have changed and therefore the rezoning that has already been struck down twice is now constitutional. Appellants have failed to show that there have been significant changes in the property.

In an effort to comply with our decision in *Mayfield II*, appellants retained Robert Hill, an urban planner, to study the northwest area of the Mayfield Village, specifically the property, and to make recommendations concerning land usage there.

The findings of fact and conclusions of law from *Mayfield I*, which we upheld in *Mayfield II*, state in pertinent part:

"21. The members of the Village Planning and Zoning Commission and the members of the Village Council did not have sufficient background or training to make a proper planning decision prior to the enactment of Ordinance No. 72–2; such village officials did not conduct any studies or research which would have enabled them to make a proper planning decision with respect to Ordinance 72–2; such Village officials did not seek or obtain the advice of competent professional planners in connection with the enactment of Ordinance No. 72–2; such officials did not attempt to determine, by means of studies, experts, books, or other sources, how the passage of Ordinance No. 72–2 would affect the health, safety, morals or welfare of the village or its residence; and such Village officials nevertheless made a decision to proceed with the enactment of Ordinance No. 72–2, notwithstanding their knowledge of the Regional Planning Commission's prior recommendations that the property in question be zoned entirely for Production–Distribution use."

The testimony at the trial clearly showed that there have been no substantial changes in the property or surrounding area since *Mayfield I*. Specifically, the trial court concluded that the only significant physical changes to the area surrounding the property diminished the property's suitability for development as a single-family residential area. These changes include increased traffic along I–271 and S.O.M. Center road since 1977 and installation of high-voltage lines and towers in an easement across the western edge of the property.

Hill's opinion and report reflected that Mayfield Village needs more residential development, that the only feasible area for residential expansion includes the property, and that the entire property should be rezoned for single-family residential use. However, Hill admitted that he was instructed to target only the portion of Mayfield Village in which the disputed property is located. Hill also

testified that his report was based on the purported market need for more residential development instead of focusing on the property and the surrounding area to determine if there were any physical changes since *Mayfield I.*

■ Furthermore, appellants' claim that the trial court should have held Ordinance No. 92–34 constitutional because it met the fairly debatable standard is misplaced. The fairly debatable standard is used in zoning trials. It states, "if the validity of the legislative classification for zoning purposes is fairly debatable, the legislative judgment must be allowed to control." *Central Motors, supra,* 63 Ohio App.2d at 50–51, 13 O.O.3d at 358, 409 N.E.2d at 272. The trial court had before it a motion for further relief pursuant to R.C. 2721.09. A new zoning trial would have been inappropriate since the zoning ordinance has been declared unconstitutional twice; therefore, the fairly debatable standard may not be applied.

In reviewing a bench trial judgment, "[a] reviewing court must presume the trial court's findings are correct, in absence of evidence to the contrary, as the trial judge is best able to view the witnesses and use such observations in weighing their credibility." *Cleveland v. Assn. of Fire Fighters Local 93* (1991), 73 Ohio App.3d 220, 226, 596 N.E.2d 1086, 1089. Appellants have not presented any evidence which would lead us to believe that the trial court's findings are incorrect. Accordingly, appellants' first three assignments of error are overruled.

Appellants' fourth assignment of error states:

"IV. The trial court erred in granting the plaintiffs' motion to substitute successor owners under Civil Rule 25(C) in a case which was concluded approximately seventeen (17) years prior to the filing of plaintiffs' motion."

■ Appellants argue that the trial court erred when it granted appellees' motion to substitute successor owners under Civ.R. 25(C). Specifically, appellants maintain that the trial court erred by permitting appellees to substitute as parties because substitution is reserved to cases presently pending. Appellants argue that this case was resolved and therefore not presently pending before the court when it permitted appellees to substitute as parties.

Under Civ.R. 25(C) there is no provision that a case must be presently pending in order to substitute parties. The substitution of parties is in the discretion of the court and substitution may be granted only upon a finding of a transfer of interest. *Ahlrichs v. Tri–Tex Corp.* (1987), 41 Ohio App.3d 207, 534 N.E.2d 1231, paragraph two of the syllabus. Since appellants acknowledge that the property

owners are the successors in interest of the original parties their fourth assignment of error is overruled.

*Judgment affirmed.*

BLACKMON and PORTER, JJ., concur.