JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, the City of Cleveland, appeals from a common pleas court order which granted the defendant's motion to substitute General Environmental Management, Inc. ("GEM") for Pure Tech Systems, Inc. "as the party consenting to and responsible for the obligations of Pure Tech Systems, Inc. under the consent order." The City contends that the court erred by granting this motion before the expiration of the time period for its response, and without a hearing on the City's motions to show cause why Pure Tech should not be held in contempt for failure to comply with the consent decree. We find the common pleas court erred by allowing substitution of judgment debtors without the consent of the judgment creditor. Therefore, we reverse.
 Procedural History {¶ 2} The City filed this action on March 7, 2001, to restrain Pure Tech from continuing to operate its property in violation of the City's fire prevention code. Four separate properties were at issue, a "Processing Facility" at 2655 Transport Road, the "Leaseway Facility" at 2727 Transport Road, "Corporate Offices" at 2777 Rockefeller Avenue, and a "Laboratory Building" and "W-2 Tank Farm Area" at 2779 Rockefeller Avenue. In some 15 counts, the City's complaint alleged that the conditions on Pure Tech's property presented an imminent danger of death or serious physical harm to the public and to firefighters and other emergency personnel, by, e.g., impairing access for firefighting purposes, spillage of hazardous substances, illegal spacing of above-ground storage tanks, an inoperable fire alarm system, failure to obtain necessary permits, and other violations. A week after the complaint was filed, the court entered a consent order enjoining Pure Tech to make various changes at these facilities.
 {¶ 3} On July 29, 2002, the City moved the court for an order requiring Pure Tech to show cause why it should not be held in civil and criminal contempt of court for failure to comply with the consent order. This motion alleged that Pure Tech failed to apply for or obtain permits to store above-ground tanks which, the City claimed, had been abandoned. Furthermore, the City alleged that pipes in the vicinity of these tanks were leaking a substance onto the ground. Pure Tech responded to the City's notices about these violations by reporting that it did not own the real property or the tanks.
 {¶ 4} On October 16, 2002, the court entered the following order:
 {¶ 5} "All parties present with counsel, representatives of GEM also present, court orders that pursuant to sec. IV(E)(2) of the consent order must be fully complied with by the hearing to show cause on 11/12/02 at 10:00 a.m. Deft. must also make material efforts to fully comply with the consent order."
 {¶ 6} Apparently, no hearing was conducted on November 12, 2002. However, on January 21, 2003, the court entered an order requiring that " Pure Tech Systems and Robert Kattula shall commence remediation and shall conclude same on or before 5-31-03. Failure to comply will result in sanctions."
 {¶ 7} Meanwhile, the court, on its own motion, consolidated the following four cases with the present case:
 {¶ 8} Case Nos. 485050 and 485051 are actions on cognovit notes filed separately by KB Capital, LLC and Prime Financial, Inc. against GEM on October 28, 2002. The cognovit judgments granted in these actions were later vacated, and a receiver was appointed to oversee GEM's operations. These actions were settled and dismissed pursuant to an agreed judgment entry filed August 4, 2003, and a post-settlement order was entered regarding the receiver's duties.
 {¶ 9} Case Nos. 499597 and 499601 are actions filed by GLS Capital-Cuyahoga, Inc., seeking to foreclose on tax certificates purchased from the Cuyahoga County Treasurer regarding property at 2779 Rockefeller Avenue, and property at 2728 Transport Road[1] and 2777 Rockefeller Avenue. The receiver for GEM was given leave to intervene in these actions and was also appointed as receiver for the premises. These actions apparently remain pending in the common pleas court.
 {¶ 10} On June 20, 2003, the City filed a second motion to show cause why Pure Tech should not be held in contempt for failing to comply with the consent order. Pure Tech did not respond to this motion. However, on August 4, 2003, Pure Tech, GEM, and the receiver for GEM, Mark Dottore, jointly moved the court to modify the consent decree to substitute GEM for Pure Tech Systems "as the party consenting to and responsible for the obligations of Pure Tech Systems, Inc. under the Consent Order." The court granted this motion on August 12, 2003. The City now appeals.
 Law and Analysis {¶ 11} The common pleas court's order modifying the consent decree is "[a]n order that affects a substantial right made * * * upon summary application in an action after judgment," and is therefore a final appealable order pursuant to R.C.2505.02(B)(2). See Cales v. Armstrong World Indus., Inc.,
Scioto App. No. 02CA2851, 2003-Ohio-1776 fn. 5. There can be little doubt that a change in the party against whom a judgment can be enforced "affects a substantial right" of the judgment creditor.
 {¶ 12} The fact that claims remain pending in actions with which this case has been consolidated would ordinarily preclude us from finding any judgment in this case to be final, at least absent Civ.R. 54(B) certification. See, e.g., Whitaker v. Kear
(1996), 113 Ohio App.3d 611, 614. However, we find that the consolidation does not affect the finality of the order modifying the consent judgment under the peculiar circumstances of this case. The consolidation did not even occur until after the consent judgment was entered. Thus, the finality of the consent judgment itself was not affected by the consolidation. A post-judgment order modifying that final judgment must also be considered final, and should not be rendered non-final simply because other cases were consolidated with the case after judgment. Therefore, we find this order is final and appealable.
 {¶ 13} We agree with appellant that the common pleas court erred by modifying the consent judgment to substitute obligors. Civ.R. 25(C) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." This rule does not provide that the case must be presently pending in order for a substitution to be made, so that parties-plaintiff may be substituted after judgment. Maysom Ltd. Partnership v. Mayfield (1994),96 Ohio App.3d 543. However, substitution of parties-defendant after final judgment has been rendered is not permissible. Dick v. BJMotors (Feb. 28, 1986), Trumbull App. No. 3573.
 {¶ 14} The substitution of judgment debtors is akin to a novation in contract law. In order for a novation to be effective, all parties must agree to the substitution of a new debtor for the old one. Wenner v. Marsh USA, Inc., Franklin App. No. 01AP-1211, 2002-Ohio-2176, ¶ 16 (citing Bolling v.Clevepak Corp. (1984), 20 Ohio App.3d 113, 125). The liability of the original debtor cannot be released without the consent of the creditor. Thus, here, without the City's consent, GEM cannot replace Pure Tech as the party obligated to comply with the consent judgment. The City has not consented to the substitution. Therefore, the court erred by ordering it.
 {¶ 15} Accordingly, we reverse and remand for further proceedings.
 {¶ 16} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
Blackmon, P.J., and Cooney, J., concur.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] We note that this property does not appear to be one of those at issue in the City's action.