AMERICAN VINEYARDS CO., INC., APPELLANT, *v.* WINE GROUP ET AL., APPELLEES.

(No. 47767—Decided December 3, 1984.)

---

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *Charles T. Kaps,* for appellant.

*William E. Tumney, Jones, Day, Reavis & Pogue, Harry J. Lehman* and *John W. Edwards II,* for appellees.

ANN MCMANAMON, J. Plaintiff-appellant, American Vineyards Co., Inc. ("AVC"), enters a timely appeal from the dismissal of its complaint against defendant-appellees, The Wine Group and Wine Distributors, Inc., by the common pleas court. The judgment of the court followed a bench trial in which AVC sought monetary, injunctive and declaratory relief after its distribution franchise for Mogen-David products in Cuyahoga County, Ohio was terminated by The Wine Group and awarded to Wine Distributors, Inc.

AVC's complaint alleges that The Wine Group, a wine supplier, acquired the assets of Mogen-David Corporation and terminated appellant's Mogen-David franchise in violation of R.C. 1333.82 *et seq.,*[1] the Ohio Alcoholic Beverage Franchise Act (the "Act"). The trial court concluded, however, that the Act is not retroactive in its application and consequently is inapplicable to the pre-existing oral franchise agreement between AVC and Mogen-David Wine Corporation and its successor, The Wine Group; that the oral agreement between AVC and The Wine Group was terminable at will; and that it was, in fact, terminated in a reasonable manner.

Appellant raises six assignments of error.[2]

Appellees have filed a timely notice of cross-appeal.[3]

I

In its first two assignments of error AVC contends that the trial court erred in not applying the provisions of the Act to the termination of AVC's franchise. R.C. 1333.85[4] of the Act requires that an

---

[1] See Appendix. (Reporter's Note: The Appendix, containing the text of R.C. 1333.82 through 1333.85, has been omitted. )

[2]

I

"The court erred in failing to apply the Ohio law, Section 1333.82 et seq. to the facts of this case."

II

"The court erred in ruling that a corporation formed in 1981 could engage in the alcoholic beverages business in the state of Ohio and not obey laws passed in 1974."

III

"The court erred in determining that the rights and obligations obtained by the defendant The Wine Group from Mogan David Wine Corp. were acquired by assignment rather than by a contract of novation which constituted a new franchise subject to Ohio Revised Code § 1333.82 et seq."

IV & V

"The court erred in determining that the plaintiff's distributorship was terminable by the defendant at will.

"The court erred in deciding that plaintiff's franchise was terminated in a reasonable manner after concluding that plaintiff's distributorship was terminated at will without cause."

VI

"The court erred after refusing an injunction in failing to retain the case to consider damages."

[3] We note that appellees have failed to include a separate statement of their assignment pursuant to App. R. 16(A)(2), but have incorporated the assignment in their argument as follows:

"The trial court should have awarded defendants their costs and expenses of opposing AVC's frivolous motion to show cause. * * *"

[4] See Appendix. (Reporter's Note: See fn. 1.)

involuntary termination must be made in good faith, for just cause, and subject to sixty days' notice. However, the trial court determined that the terms of the Act, effective July 26, 1974, do not apply retroactively to an oral franchise agreement with Wine Group's predecessor, which commenced some thirty years previous to the passage of the Act.

Although AVC's argument is based in part upon the constitutionality of the Act, we find this question need not be reached in order to determine whether the Act has retroactive application. The franchise act contains no language directing retroactive application.

R.C. 1.48 provides that:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

See *Clifford Jacobs Motors, Inc.* v. *Chrysler Corp.* (S.D. Ohio 1973), 357 F. Supp. 564.

This principle has been followed in *Excello Wine Co.* v. *Monsieur Henri Wines, Inc.* (S.D. Ohio 1979), 474 F. Supp. 203; *Perfecto Distributing Co.* v. *Fromm & Sechel, Inc.* (S.D. 1981), No. C-2-80-950, unreported; and in *Sinko Co.* v. *Guild Wineries & Distilleries* (1979), Lucas C.P. No. 79-1695, unreported.

While appellant cites *Capitol Beverage Distributing Co.* v. *Genesee Brewing Co.* (1978), Franklin C. P. No. 78-CV-01-202, unreported, and *Fixari Enterprises, Inc.* v. *Foremost McKesson, Inc. & Carlton Sales Co.* (S.D. Ohio 1983), No. C-2-82-1701, unreported, we note that neither of these cases actually raises the issue of retroactive application of the Act.

AVC also has submitted *Schieffelin & Co.* v. *Dept. of Liquor Control* and *Foremost-McKesson, Inc.* v. *Liquor Control Comm.* (1984), 194 Conn. 165, 479 A.2d 1191, five consolidated cases in which the Supreme Court of Connecticut held that its franchise act applies retroactively. The court stated that the general presumption that a statute should have prospective effect may be overcome "[i]f a legislative enactment contains language which unequivocally and certainly embraces existing business relationships." Applying this principle, the court found that the Connecticut Act contained language which clearly referred to distributorships in existence at the time of the Act's passage.[5] It further found that the subject statute, being a second amended enactment, was designed to provide an immediate remedy to certain abuses in the cancellation of franchises which had plagued the state liquor industry for an extended period of time.

In contrast, the Ohio Franchise Act does not contain similar language nor does its history reveal circumstances which denote a legislative intent to apply the newly enacted cancellation provision retroactively.

Accordingly, we find that the trial court correctly applied the Act prospectively.

Appellant's first and second assignments of error are not well-taken.

## II

AVC posits in its third assignment of error that The Wine Group's acquisition of assets, including the subject franchise from Mogen-David's successors, was not an assignment but a novation which constituted a new franchise.

---

[5] Conn. Public Acts 1981, No. 81-367, Sec. 2, amending General Statutes Section 30-17(a)(2), applies: "When a holder of a wholesale permit has had the distributorship of any alcohol, beer, spirits or wine product of a manufacturer or out-of-state shipper or their successors or assigns for six months or more * * *." The court noted at 175 that the use of the present perfect phrase "has had" indicates "an action or condition that was begun in the past and is still going on or was just completed in the present."

This assignment of error is not well-taken.

An issue which is not raised in the trial court is not proper on appeal. *Webb v. Grimm* (1961), 116 Ohio App. 63. We note that the theory of novation was not raised at trial nor in appellant's post-trial brief, and was peripherally mentioned by appellees for the first time in their trial brief.

However, even assuming appellant preserved this issue for appeal, our conclusion would not be different.

A novation is characterized by an agreement under which an original party to a contract is discharged from its obligations and assigns its rights to a newly substituted party. Evidence of clear intent to form a new contract is required. See *City Natl. Bank & Trust Co. v. Swain* (App. 1939), 29 Ohio Law Abs. 16. A novation is, in effect, a new contract between one of the original parties to a previous contract and a new party who is taken in by way of substitution. See 18 Ohio Jurisprudence 3d (1980) 206, Contracts, Section 284.

In *Banks* v. *De Witt* (1884), 42 Ohio St. 263, the court states in paragraph one of the syllabus:

"A contract by a publisher with the secretary of state, under proper legislation, to print and bind for the state volumes of law reports, may be assigned by the contractor, with the acquiescence of the state, so as to operate as a novation and vest in the assignee all the rights and subject him to all the obligations of the original contractor."

Unlike *Banks,* in the instant case appellant admits that it did not expressly consent to the sale between The Wine Group and its predecessors. At trial, AVC's president stated that he did not consider it his business as long as the product was supplied. Appellant cites no law in support of his assertion that assent to the assignment was implied by "continued dealings" between AVC and The Wine Group. The fact that The Wine Group continued to supply AVC is not conclusive proof that they entered into a new contract. The evidence adduced at trial supports the trial court's finding that The Wine Group acquired the franchise by assignment.

### III

Appellant contends in its fourth and fifth assignments of error that the franchise was neither terminable at will nor terminated in a reasonable manner by The Wine Group.

The franchise agreement continued on an oral basis after The Wine Group acquired the assets of Mogen-David with no express termination date. Under such circumstances a contract is terminable at will. *Perfecto Distributing Co., supra; Excello Wine Co., supra.*

We find that the trial court's conclusion that the franchise was terminated in a reasonable manner is based upon competent credible evidence that the distributorship continued for several years until June 30, 1983, when The Wine Group sent a sixty-day written notice of termination which followed oral notice to AVC.

Accordingly, we find these assignments of error lack merit.

### IV

We find that appellant has not presented any argument in support of this assignment, as required by App. R. 16(A)(4).

Accordingly, the sixth assignment is overruled.

### V

Appellees contend in their cross-appeal that they are entitled to costs and expenses for opposing appellant's pre-trial motion to show cause.

The record reflects that appellant initially sought a preliminary injunction in this case. It is undisputed that an informal agreement by the parties was reached on the matter. No order reflect-

370

ing this agreement was journalized by the court.

Appellant filed a show cause motion upon hearing that Wine Group continued to supply the products under franchise to Wine Distributors in contravention of appellant's understanding of the agreement. Appellees filed a brief in opposition and request for attorney fees and costs. The trial court overruled the show cause motion and denied the request for fees.

Appellees have failed to produce evidence that appellant acted in "bad faith, vexaciously, wantonly, obdurately, or for oppressive reasons" as required under *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177 [75 O.O.2d 224].

Appellees' cross-appeal is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, C.J., and PATTON, J., concur.