OPINION
Lavina and John Johnson appeal from a decision of the common pleas court granting summary judgment in favor of Service Center Investment Trust, Inc., Winmar Company, Inc. and ISS International Service System, Inc. in connection with claims for injuries Lavina sustained when she slipped and fell on tracked-in water at the Severance Center Mall. On appeal, the Johnsons claim the court erred because genuine issues of material fact exist as to whether appellees failed to warn her of the hazard, to properly maintain the premises, or to provide a walk-off mat at the mall entrance; also that the court granted summary judgment before discovery had been completed. After reviewing the record in this case, we affirm the court's decision.
The record reveals that on September 17, 1995, Lavina Johnson, who had been shopping with her husband that day, left Baker's Square and drove to Severance Center Mall. Because it had been raining for at least an hour, her husband, John, dropped her off at the entrance to the mall and then parked their car. Lavina slipped almost immediately after entering the doorway and sustained injuries to her wrists, knees, and back.
Service Center Investment, Trust, Inc. and Winmar company, Inc. own Severance Center and ISS International Service System, Inc. maintains that premises by contract. The Johnsons sued all three entities, alleging negligence in failing to warn, maintain, and inspect the premises and in failing to provide a walk-off mat at the entrance to the mall. All three parties moved for summary judgment; Johnson filed briefs in opposition, and thereafter, the court granted the motions as to each party.
The Johnsons now appeal and set forth three assignments of error for our review.
Because the first two assignments of error concern similar legal issues, they will be addressed together. They state:
I.
 THE MOTIONS FOR SUMMARY JUDGMENT WERE GRANTED EVEN THOUGH THERE WERE GENUINE ISSUES OF MATERIAL FACTS ON THE ESSENTIAL ELEMENTS OF THE APPELLANT'S CLAIMS.
II.
 THE LOWER COURT JUDGE MISAPPLIED THE LAW AS IT RELATES TO A SHOP KEEPER'S DUTY TO MAINTAIN HIS PREMISES IN A SAFE CONDITION FOR USE BY ITS INVITEES.
In this case, Lavina claims that she slipped and fell on tracked-in water and that ISS, SCIT and Winmar breached a duty owed to her in failing to warn, maintain and inspect the premises, or to provide a walk-off mat at the entrance to the mall.
ISS, SCIT, and Winmar argue that there is no duty to protect business invitees from open and obvious hazards such as tracked-in water.
We are thus again confronted with an injured patron who slipped and fell on the premises of a shopkeeper due to tracked-in rain water and we must consider whether the court erred in granting summary judgment to ISS, SCIT and Winmar in this case.
Pursuant to Civ.R. 56, summary judgment is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
Further, the court in Dresher v. Burt (1996), 75 Ohio St.3d 280
stated:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
We recognize that Lavina Johnson became an invitee on the premises at Severence Shopping Mall when she entered the mall. As such, appellees owed a duty to her to exercise reasonable care in maintaining the premises in a safe condition and in warning her of any latent defects or perils of which they had knowledge. SeePerry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51. However, in Sidle v. Humphrey (1968), 13 Ohio St.2d 45, the court stated in paragraph one of its syllabus:
 An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.
Regarding tracked-in water, the court stated in Boles v.Montgomery Ward Co. (1950), 153 Ohio St. 381, in paragraph two of its syllabus:
 Ordinary, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons.
And, in Paschal v. Rite Aid Inc. (1985), 18 Ohio St.3d 203, the court cited S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718 as follows:
 It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail.
Lavina testified that it had been raining for at least one hour prior to arriving at the mall, that she took two to three steps inside the mall before falling, and that after falling, she noticed that her coat and dress were wet. She concluded patrons had tracked the water in but had no knowledge of how long that condition existed. Additionally, she testified she did not notice a walk off mat or any warning signs. These circumstances notwithstanding, the weather conditions as described by Mrs. Johnson suggest that as an invitee, she should have been aware or anticipated the presence of water on the floor inside the mall because on a rainy day, one can expect to find water on the floor in such heavily trafficked areas.
After construing the evidence in this case most strongly in favor of Lavina Johnson, we are unable to conclude that ISS, SCIT or Winmar had a duty to eliminate or warn her of tracked-in water. She admitted it had been raining for almost an hour, and ISS, SCIT and Winmar could, therefore, with reasonable foreseeability, expect her as a patron to discover or avoid such a condition under these circumstances. In accordance with Sidle,Boles, Paschal and S.S. Kresge Co., we have concluded these assignments of error are not well taken and they are overruled.
The third assignment of error states:
III.
 THE MOTIONS FOR SUMMARY JUDGMENT WERE GRANTED PRIOR TO COMPLETION OF DISCOVERY.
Lavina argues here that the court granted summary judgment before a complete record could be developed. She alleges that on April 20, 1998, she advised the court that ISS, SCIT and Winmar filed incomplete responses to her discovery and that the parties began to schedule depositions of several witnesses and representatives from ISS, SCIT and Winmar.
ISS, SCIT, and Winmar dispute her claim and point out that Lavina failed to seek additional discovery or contest the timeliness of the summary judgment motions, and in fact, responded to them.
A review of the record reveals that on March 19, 1998, SCIT and Winmar moved for summary judgment, and that on June 26, 1998, ISS moved for summary judgment; the Johnsons filed timely briefs in opposition, but never objected to the timeliness of the filings or sought leave for additional discovery; instead, in their April 20, 1998 amendment to their brief in opposition, they claimed that depositions of Severance Center employees would be scheduled and additional witnesses had been identified. However, no additional evidence had been presented to the court prior to its summary judgment ruling, nor had leave ever been requested to do so.
In City off Cleveland v. Association of Cleveland FireFighters, Local 93 (1991) 73 Ohio App.3d 220, we stated:
 A reviewing court will not consider issues which the appellant failed to raise in the trial court. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629; American Vineyards Co. v. Wine Group (1984), 20 Ohio App.3d 366, 20 OBR 471, 486 N.E.2d 854; BancOhio Natl. Bank v. Abbey Lane Ltd. (1984), 13 Ohio App.3d 446, 13 OBR 536, 469 N.E.2d 958; Olbrich v. Shelby Mut. Ins. Co.
(1983), 13 Ohio App.3d 423, 13 OBR 510, 469 N.E.2d 892; Schwartz v. Wells (1982), 5 Ohio App.3d 1, 2, 5
OBR 1, 2, 449 N.E.2d 9, 11.
Based on the circumstances in this case, we have determined that this assignment of error is without merit and it is therefore overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., and JAMES D. SWEENEY, J., CONCUR.
 _____________________________ PRESIDING JUDGE TERRENCE O'DONNELL